THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| vs. | § | CRIMINAL DOCKET NO. 3-17-CR-0446-B |
| | § | |
| TERENCE CARLYLE SMITH (01), | § | |
| NANCY B. PARKER (02), and | § | |
| MICHAEL JAMES SIMS (03), | § | |
| | § | |
| Defendants. | § | |

<u>MEMORANDUM OPINION & ORDER</u>

Before the Court are: (1) Defendants Terence Carlyle Smith and Nancy B. Parker's Joint Motion to Sever under Federal Rule of Criminal Procedure 8(b) (Doc. 61); and (2) Defendant Nancy B. Parker's Motion to Sever under Federal Rule of Criminal Procedure 14 (Doc. 62). The Government has filed an Omnibus Response opposing both Motions (Doc. 68) and Smith and Parker have filed a Joint Reply in support of their Joint Motion to Sever (Doc. 72). For the reasons stated below, the Court **DENIES** both Motions (Docs. 61 & 62).

I.

BACKGROUND

On August 30, 2017, the Government filed a Twenty-Five-Count Indictment against three named Defendants for their alleged involvement in defrauding their employer, the Federal Home Loan Bank of Dallas (FHLB-D). *See* Doc. 1, Indictment. Defendants are Terrence Carlyle Smith, former president and chief executive officer of FHLB-D; Nancy B. Parker, former chief information officer of FHLB-D; and Michael James Sims, former chief financial officer of FHLB-D. *Id.* ¶¶ 8–10. The various charges in the Indictment can be divided into two categories: (1) Counts One through Twenty-One involve allegations that Defendants submitted false travel and expense reports and cash

out requests to FHLB-D to obtain reimbursements for travel-related costs and for unused vacation time that served no legitimate business purpose (collectively the "Travel Counts"), *id.* ¶¶ 11–24; and (2) Counts Twenty-Two through Twenty-Five involve Parker directing one or more individuals to purchase gifts for Smith that served no business purpose and then to submit false documents to FHLB-D for reimbursement for the cost of these gifts (collectively the "Gift Counts"), *id.* ¶¶ 25–35.

More specifically, Count One of the Travel Counts charges all three Defendants with Conspiracy to Make False Statements to a Federal Home Loan Bank, 18 U.S.C. §§ 371, 1006, and alleges over forty overt acts occurring from 2008 to 2013 in furtherance of the conspiracy. *Id.* ¶¶ 11–22. These overt acts consisted of each Defendant submitting various false travel and expense reports as well as cash out requests for unused vacation hours. *Id.* ¶¶ 21–22. Counts Two through Twenty-One of the Travel Counts charge each respective Defendant with making False Statements to a Federal Home Loan Bank and Aiding and Abetting False Statements to a Federal Home Loan Bank, 18 U.S.C. §§ 1006 and 2, through their false submission of these travel reports. *Id.* ¶¶ 23–24.

Count Twenty-Two of the Gift Counts charges Parker with Conspiracy to Commit Federal Home Loan Bank Theft, Embezzlement, and Misapplication, 18 U.S.C. § 657, and alleges that from 2005 to 2012 she directed other individuals to purchase gifts for Smith and to then make false statements to FHLB-D to obtain reimbursement for those purchased items. *Id.* ¶¶ 25–33. Counts Twenty-Three through Twenty-Five of the Gift Counts charge Parker with specific substantive counts for Federal Home Loan Bank Theft, Embezzlement, and Misapplication, and Aiding and Abetting Federal Home Loan Bank Theft, Embezzlement, and Misapplication, 18 U.S.C. §§ 657 and 2. *Id.* ¶¶ 34–35. Smith and Sims are not charged with any of the Gift Counts.

On May 20, 2019, Smith and Parker filed a Joint Motion to Sever under Federal Rule of

Criminal Procedure 8(b) arguing *inter alia* that the Indictment fails to plead a "substantial identity of facts or participants" or an alleged "singular conspiratorial objective" between the Travel and Gift Counts to satisfy joinder. Doc. 61, Joint Mot. to Sever, 1–2. Then, on May 21, 2019, Parker filed her own separate Motion to Sever under Federal Rule of Criminal Procedure 14 arguing that even if joinder is proper under Rule 8(b), the Travel and Gift Counts should be severed because a joint trial would cause her substantial prejudice. Doc. 62, Parker's Mot. to Sever, 1. The Government has filed an Omnibus Response opposing both Motions (Doc. 68), and after being granted leave, Smith and Parker have filed a Reply in support of their Joint Motion to Sever (Doc. 72). Having been fully briefed, the Court addresses whether severance is proper under the applicable legal standards.

## II.

## ANALYSIS

A.    *Joint Motion to Sever Under Rule 8(b)*

Smith and Parker first move for severance of the Travel and Gift Counts under Federal Rule of Criminal Procedure 8(b) arguing that the Indictment fails to plead a "substantial identity of facts or participants" or an alleged "singular conspiratorial objective" between the Travel and Gift Counts to satisfy joinder. Doc. 61, Joint Mot. to Sever, 1–2.

In cases involving "multiple defendants as well as multiple counts, Rule 8(b) . . . provides the relevant standard." *United States v. Kaufman*, 858 F.2d 994, 1003 (5th Cir. 1988) (citation omitted). Rule 8(b) provides that two or more defendants may be charged in a single indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "All defendants need not be charged in each count." *Id.* "As the plain language of Rule 8(b) provides, there is no requirement

'that each defendant have participated in the same act or acts.'" *United States v. McRae*, 702 F.3d 806, 820 (5th Cir. 2012) (quoting *United States v. Krenning*, 93 F.3d 1257, 1266 (5th Cir. 1996)).

"Proper joinder requires that the offenses charged 'must be shown to be part of a single plan or scheme,' and that '[p]roof of a common scheme is typically supplied by an overarching conspiracy from which stems each of the substantive counts.'" *United States v. USPlabs, LLC*, 2018 WL 5831478, at *3 (N.D. Tex. Nov. 7, 2018) (quoting *United States v. Lane*, 735 F.2d 799, 805 (5th Cir. 1984), *rev'd on other grounds*, 474 U.S. 438 (1986)). "The Government, however, is not required to allege a conspiracy in order to join defendants or counts." *Id.* (citing *McRae*, 702 F.3d at 821 (citing *United States v. Dennis*, 645 F.2d 517, 520 (5th Cir. Unit B Aug. 1981), *overruled on other grounds*, *United States v. Lane*, 476 U.S. 438 (1986))) ("Although multi-defendant and multi-offense indictments often charge a conspiracy among some or all defendants, we have repeatedly rejected the contention that proper joinder of multiple defendants and multiple offenses requires a conspiracy charge.").

Rule 8(b) does not require that each defendant have actively participated in each phase of the conspiracy; however, "'[a] single conspiracy can be found when the indictment adequately shows a singular conspiratorial objective.'" *United States v. Moser*, 123 F.3d 813, 827 (5th Cir. 1997) (quoting *United States v. Lindell*, 881 F.2d 1313, 1318 (5th Cir. 1989)). In determining whether one overarching conspiracy exists, courts consider "(1) the time frame; (2) the locations of the events charged as part of the conspiracy; (3) the persons acting as co-conspirators; (4) the statutory offenses charged in the indictment; and (5) the overt acts or other description of the offense charged that indicate the nature and scope of the activity that the government seeks to punish in the case." *Potashnik*, 2008 WL 5272807 at *17 (citing *United States v. Ellender*, 947 F.2d 748, 759 (5th Cir.

1991)).

"Whether the counts of an indictment fulfill the 'same series' requirement is determined by examining the relatedness of the facts underlying each offense." *United States v. Harrelson*, 754 F.2d 1153, 1176 (5th Cir. 1985) (internal quotation marks omitted); *see also USPlabs LLC*, 2018 WL 5831475, at *3 ("Whether joinder is proper is determined from the allegations in the indictment, which, absent any suggestion of prosecutorial misconduct, are accepted as true."). "What is required is a series of acts unified by some 'substantial identity of facts or participants.'" *Dennis*, 645 F.2d at 520 (quoting *United States v. Nettles*, 570 F.2d 547, 551 (5th Cir. 1978)). Lastly, the "Supreme Court has instructed federal courts to interpret the requirements of joinder under Rule 8 liberally" in favor of joint trials of defendants who are indicted together. *Potashnik*, 2008 WL 5272807 at *4 (citing *Zafiro v. United States*, 506 U.S. 534, 537 (1993)); *see also United States v. Bullock*, 71 F.3d 171, 174 (5th Cir. 1995) ("Joinder of charges is the rule rather than the exception[,] and Rule 8 is construed liberally in favor of initial joinder."). With these Rule 8(b) principles in mind, the Court now determines whether joinder of the Travel and Gift Counts is appropriate.

Smith and Parker argue that the Indictment improperly joins the Travel and Gift Counts because they involve separate conspiracies, different participants, and different overt acts. Doc. 61, Joint Mot. to Sever, 3. Specifically, they argue that the Travel Counts involve Smith, Parker, and Sims taking over 30 trips in a five-year period (2008–2013), which they requested reimbursement for by submitting travel and expense reports for the stated reason of work trips, but which served no legitimate business purpose. *Id.* Because these trips are alleged to have had no legitimate business purpose, the Indictment also alleges that the Defendants impermissibly received compensation for unused vacation hours in that same time period through the submission of cash out requests. *Id.*

-5-

Smith and Parker argue that these allegations are completely distinct from those involving the Gift Counts because the Gift Counts allege a conspiracy between Parker, E.E., and G.W. to use FHLB-D funds to purchase four gifts for Smith between 2005 and 2012. *Id.* at 4. The Indictment alleges that the overt acts in furtherance of the Gift Count conspiracy consisted of Parker directing E.E. and G.W. to purchase a specific gift for Smith, and then obtain payment or reimbursement for the gift by submitting false documents such as check requests and purchase orders to FHLB-D. Doc. 1, Indictment, ¶ 33. Thus, Defendants argue that there is no "temporal nexus" that connects the two alleged conspiracies, the pleadings fall short of alleging a "single, overarching conspiracy" or "conspiratorial objective," nor does the Indictment suggest that testimony and evidence for the Travel Counts is "necessary to establish" the Government's case on the Gift Counts. *Id.* at 4–5.

Ultimately, having analyzed the allegations in the Indictment and the relevant case law the Court disagrees with Defendants' narrow reading of the Indictment and the Rule 8(b) joinder requirements.[1] Instead, the Court finds that the Travel and Gift Counts involve acts and transactions that have been shown to be part of a common plan and scheme and which are unified by a

---

[1] For example, Smith and Parker cite the Fifth Circuit's opinion in *Harrelson* for the proposition that "[j]oinder is *only* proper when 'the facts underlying each offense are so closely connected that proof of such facts is necessary to establish each offense.'" Doc. 72, Joint Reply, 1 (quoting *Harrelson*, 754 F.2d at 1176–77) (emphasis added). However, *Harrelson* does not limit proper joinders to this narrow definition. Instead, the Fifth Circuit was providing a non-exclusive example of when the counts in an indictment would fulfill the "same series" requirement of Rule 8(b) by examining the "relatedness of the facts underlying each offense." *See Harrelson*, 754 F.2d at 1176–77. Smith and Parker also rely on the Fifth Circuit's case in *United States v. Marionneaux,* 514 F.2d 1244 (5th Cir. 1974), *abrogated in part on other grounds by Lane,* 474 U.S. 438. There, the Court found that joinder of two conspiracies to obstruct justice was improper and reversed and remanded for a new trial because despite three links between the two conspiracies, "the conspiracies ha[d] different participants and completely different overt actions." *Id.* at 1249. However, as explained in more detail below, the Court finds that the Travel and Gift Counts are unified by more substantial links than the Fifth Circuit found in *Marionneaux,* and thus this case is more similar to the Fifth Circuit's case in *Dennis* where the Court found that joinder was proper. *See Dennis,* 645 F.2d at 520–21.

-6-

substantial identity of facts and participants to warrant joinder. In both conspiracies and the accompanying substantive counts, Defendants all allegedly shared one common plan or scheme: to unlawfully enrich themselves, at the expense of FHLB-D, by submission of false documents to obtain reimbursement for items or trips that served no legitimate business purpose. *Compare* Doc. 1, Indictment, ¶ 13 (Travel Conspiracy Purpose), *with id.* ¶ 30 (Gift Conspiracy Purpose). Like other district courts to address this issue, the Court finds that this common plan or scheme makes joinder of the Travel and Gift Counts proper. *See, e.g.*, *United States v. Gee*, 2009 WL 412964, at *4–5 (W.D.N.C. Feb. 18, 2009) (denying a motion to sever separate conspiracies because "[a]lthough each alleged conspiracy used a different 'scam' . . . to carry out the fraud, each used materially false mortgage documents to obtain money from lending institutions and thus, defrauded those institutions."); *United States v. Hundley*, 2003 WL 21537774, at *2 (S.D.N.Y. July 7, 2003) (denying a motion to sever separate conspiracies because "the indictment can also be read as alleging that these defendants were engaged in a broad scheme to enrich themselves and their associates by any fraudulent means required").

Moreover, both conspiracies, and accompanying substantive counts, are unified by a substantial identity of facts and participants. They both: (1) share the same victim of fraud—FHLB-D; (2) occurred over a similar time frame and in the same location; (3) involved actions by Parker and another unindicted individual E.E.; and (4) involved the same type of overt acts in furtherance of the conspiracy—using their positions within FHLB-D to unlawfully enrich themselves through the submission of false documents for financial reimbursement.

Further, as the Government correctly notes, the fact that Smith and Sims are not charged in both conspiracies or that the Indictment does not charge one overarching conspiracy is not

dispositive. *See Dennis*, 645 F.2d at 520 ("It is clear that the government need not allege a conspiracy in order to join defendants or counts."). Instead in *Dennis*, the Fifth Circuit found that an indictment, which charged five defendants and six separate counts with no conspiratorial link, was nonetheless properly joined because all of the charges in the indictment involved the same scheme to defraud the same victim, over the same period of time, and through the same "basic plan of selling to [the victim] equipment to which the defendants had either no control or no title." *Id.* at 520–21.

Similarly, the Eighth Circuit has held that the joinder of three separate conspiracies in one trial was proper despite the fact that some defendants were not implicated in all conspiracies because the conspiracies all involved acts or transactions made pursuant to a common plan or scheme. *United States v. Wadena*, 152 F.3d 831, 848 (8th Cir. 1998). The first two conspiracies were brought against the chairman, treasurer, and councilman of a Minnesota tribal council for conspiracies to misapply tribal funds with underlying charges for theft or bribery concerning programs receiving federal funds, money laundering, and misapplication of funds (nonelection charges). *Id.* at 836–38. The third conspiracy was brought against only the treasurer and councilman for conspiracy to oppress free exercise of election rights (election charges). *Id.* at 836, 838–39. Prior to trial, and on appeal, the councilman and chairman argued that the nonelection charges should have been severed from the election charges because the conspiracies "involved separate and unrelated acts and transactions" as opposed to one overall scheme. *Id.* at 847–48. The district court, and later the Eighth Circuit on appeal, found that joinder of all three conspiracies was warranted under Rule 8(b) because the Indictment "allege[d] [that they] participated in a series of acts or transactions with the sole purpose of furthering a common scheme of using [their] and others' positions in tribal government to access tribal funds and misapply those funds for [their] personal gain." *Id.* at 848, 849 n.26. The *Wadena*

court also found that any prejudice caused by the joinder of the three conspiracies in one trial was avoided through the district court's use of limiting instructions and the government's presentation of evidence in "three discrete phases." *Id.* at 849.[2]

Lastly, the Court notes that its severance analysis under Rule 8(b) is also guided by the Supreme Court's instruction to interpret the Rule 8(b) requirements liberally, stating:

> There is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials "play a vital role in the criminal justice system." They promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts."

*Zafiro*, 506 U.S. at 537 (internal citations omitted). In addition to finding that the Travel and Gift Counts are unified by some substantial identity of facts or participants and constitute a common plan or scheme, the Court finds that joinder is also proper because it conserves state funds, reduces inconvenience to witnesses, and avoids delay in bringing the accused to trial. *See Lane*, 474 U.S. at 449 (citing *Bruton v. United States*, 391 U.S. 123, 134 (1968)). Therefore, for all the above stated reasons, the Court finds that joinder of the Travel and Gift Counts is proper under Rule 8(b), and thus, the Court **DENIES** Smith and Parker's Joint Motion to Sever (Doc. 61).

B.    *Parker's Motion to Sever Under Rule 14*

Next, Parker moves for severance of the Travel and Gift Counts under Federal Rule of Criminal Procedure 14 arguing that a joint trial on both would cause her substantial prejudice for various reasons addressed below. Doc. 62, Parker's Mot. to Sever, 1.

---

[2] Although out-of-circuit, the Court finds *Wadena* persuasive because it significantly mirrors the allegations of a common plan or scheme made in this case, and *Wadena* relied on the same Rule 8(b) principles used in this Circuit. Furthermore, and as discussed in more detail below, the Court is confident that the use of appropriate limiting instructions as to the Travel and Gift Counts can be applied to this trial.

If the joinder of defendants in an indictment appears to prejudice a defendant, "the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). Severance under Rule 14 is based on the trial court's discretion. *Zafiro*, 506 U.S. at 538–39 ("Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion.").

"[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539. To determine whether it should grant a severance, "the court balances the potential prejudice to the defendant against the public interest in joint trials." *United States v. Oliver*, 2008 WL 2511751, at *1 (N.D. Tex. June 23, 2008). "Joint trials generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability . . . ." *Richardson v. Marsh*, 481 U.S. 200, 210 (1987). For those and many other reasons, "[j]oinder is the rule rather than the exception." *United States v. Mikolajczyk*, 137 F.3d 237, 240 (5th Cir. 1998).

To overcome the heavy presumption in favor of joinder, a defendant must show that "(1) the joint trial prejudiced him to such an extent that the district court could not provide adequate protection; and (2) the prejudice outweighed the government's interest in economy of judicial administration." *United States v. Ledezma-Cepeda*, 894 F.3d 686, 690 (5th Cir. 2018) (quoting *United States v. Owens*, 683 F.3d 93, 98 (5th Cir. 2012)). It is well settled that a defendant must show a "specific compelling prejudice" resulting from joinder. *United States v. Lewis*, 476 F.3d 369, 383 (5th Cir. 2007); *see also United States v. Park*, 531 F.2d 754, 762 (5th Cir. 1976) (Under Rule 14, "[t]he burden of demonstrating prejudice is a difficult one . . . . The defendant must show something more

than the fact that a separate trial might offer him a better chance of acquittal."); *United States v. Hamilton*, 694 F.2d 398, 401 (5th Cir. 1982) (internal quotations omitted) ("[T]he defendant bears a heavy burden of showing specific and compelling prejudice."). "[T]he trial court cannot simply presume that prejudice will result . . . from continued joinder." *Potashnik*, 2008 WL 5272807, at *8. The defendant must prove that "it is [not] within the capacity of the jurors to follow the court's admonitory instructions and accordingly to collate and appraise the independent evidence against each defendant solely upon that defendant's own acts, statements, and conduct." *Welch*, 656 F.2d at 1053–54. Thus, a defendant must overcome the general presumption that juries follow the court's instructions. *Richardson*, 481 U.S. at 208; *United States v. Jimenez*, 77 F.3d 95, 99 (5th Cir. 1996).

Generally, "traditional safeguards will remedy the risk of prejudice from joinder." *Potashnik*, 2008 WL 5272807, at *7 (citing *Zafiro*, 506 U.S. at 539). A court should apply the following procedural safeguards during a joint trial: "(i) clear rulings on admissibility, (ii) limitations of the bearing of evidence as against particular individuals, and (ii) adequate [limiting] instructions." *Id.* at *7–8 (citing *United States v. Perez*, 489 F.2d 51, 66 (5th Cir. 1974) (citing *Blumenthal v. United States*, 332 U.S. 539, 559 (1947))). "Although the better practice may be to give . . . a limiting instruction when the evidence is presented, . . . an instruction at the conclusion of trial will often be sufficient." *United States v. Peterson*, 244 F.3d 385, 394 (5th Cir. 2001).

In her Motion to Sever, Parker raises three separate arguments for why joinder of the Travel and Gift Counts causes her prejudice: (1) "Parker—the sole Defendant charged in the Gift Counts—cannot testify on one set of Counts without impairing the exercise of her Fifth Amendment rights on the other Counts"; (2) "Parker cannot compel testimony from Defendant Smith regarding the underlying circumstances attendant to his receipt of the alleged gifts if Smith wishes to exercise

-11-

his Fifth Amendment right as to the Travel Counts"; and (3) "trial testimony and evidence on particular counts could affect the jury's credibility and culpability assessments or would not be admissible in separate trials." Doc. 62, Parker's Mot. to Sever, 1–2. The Court addresses each argument in turn, but ultimately finds that none of her arguments rise to the level of specific and compelling prejudice such that the Court could not provide adequate protection.

    1.    <u>Parker's Fifth Amendment Rights</u>

First, Parker argues that joinder of the Travel and Gift Counts precludes her from testifying on the Gift Counts while exercising her Fifth Amendment rights as to the Travel Counts. *Id.* at 3–4. The Fifth Circuit "has repeatedly held that severance 'is not mandatory simply because a defendant indicates that [she] wishes to testify on some counts but not on others . . . . [S]everance for this reason, as for any other, remains in the sound discretion of the trial court.'" *United States v. Hager*, 879 F.3d 550, 557 (5th Cir. 2018) (per curiam) (quoting *United States v. Ballis*, 28 F.3d 1399, 1408 (5th Cir. 1994)). "Consequently, a defendant seeking severance of charges because [she] wishes to testify as to some counts but not as to others has the burden of demonstrating 'that [she] has both important testimony to give concerning one count and a strong need to refrain from testifying on the other.'" *Id.* Parker has failed to carry this burden.

Parker argues that "she may wish to testify in her defense as to the handful of discrete acts alleged in the Gift Counts, which on their face suggest that the Government's case will depend heavily on testimony of two witnesses—the same two witnesses that Parker allegedly directed to not only buy the Christmas gifts for [Smith], but to also conceal that bank funds were being used to make the purchases." Doc. 62, Parker's Mot. to Sever, 3. She further states that "[s]hould the Government's case on the Gift Counts consist of little more than the witness's self-serving testimony,

Ms. Parker reasonably may conclude that it is in her best interest to counter their testimony with her own." *Id.* However, she would not testify in a joint trial on both sets of Counts "if she wished to exercise her Fifth Amendment right to not testify as to the Travel Counts." *Id.*

The Court finds that Parker's stated reasons for her need to testify fail to show that she has important testimony to give as to the Gift Counts. Parker's stated reasons for testifying are merely conjecture and are contingent on what the Government's case as to the Gift Counts may consist of. *See United States v. Forrest*, 623 F.2d 1107, 1115 (5th Cir. 1980) (finding that "bare allegation[s] that [a defendant] wanted to testify with respect to one count but not with respect to the other gave the trial judge no factual basis on which to evaluate possible prejudice."). Her statements that she "may wish to testify" or "may conclude that it is in her best interest to counter their testimony with her own" fail to show this Court that severance based on this argument is warranted. *See* Doc. 62, Parker's Mot. to Sever, 3. Moreover, Parker's reliance on the possibility that the Government's evidence as to the Gift Counts may "consist of little more than the witness's self-serving testimony" and that she may wish to counter that testimony with her own fails to even hint at what her important testimony would include.[3] It also fails to show why her right to cross-examine those witnesses is insufficient to counter the potential self-serving testimony.

---

[3] In her Motion, Parker recognizes that in order to grant severance on this argument she must show the Court that she "has both important testimony to give concerning one count and strong need to refrain from testifying on the other," but she argues that making that showing would "reveal important aspects of Parker's potential trial testimony and strategy." Doc. 62, Parker's Mot. to Sever, 4. Thus, she requests the opportunity to make that showing at an *in camera* and *ex parte* hearing. *Id.* Based on the speculative nature of Parker's argument, the Court does not find that such a hearing is warranted at this time. If Parker wishes, she may renew her motion to sever on this ground at trial based on the evidence presented by the Government as to the Gift Counts. *Cf. United States v. Scivola*, 766 F.2d 37, 43 (1st Cir. 1985) (holding that the district court did not err in denying a Rule 14 motion to sever in part because the defendant did not renew motion at trial, even when it was unclear whether the court had granted the defendant's pretrial request for an *in camera* hearing)

The Court also finds that Parker has failed to show or even suggest a reason for why she has a strong need to refrain from testifying as to the Travel Counts. To the extent that her reason for not testifying as to the Travel Counts is based on fear that cross-examination would elicit compromising evidence as to those Counts, the Fifth Circuit has said that "[t]here is nothing extraordinary about this prejudice." *Hager*, 879 F.3d at 557. "[F]ear that cross-examination would elicit compromising evidence—is the same reason that many defendants refuse to testify: It is, after all, the nature of cross-examination to impeach witnesses and make them seem less credible." *Id.* Therefore, the Court finds that Parker has failed to satisfy her high burden of showing that severance on this ground is warranted at this time.

2.      Smith's Fifth Amendment Rights

Second, Parker similarly argues that joinder of the Travel and Gift Counts precludes her from compelling the testimony of Smith—one her codefendants and the individual alleged to be the recipient of the gifts—on the Gift Counts. Doc. 62, Parker's Mot. to Sever, 5–6. "A defendant seeking a severance on the ground that she needs the testimony of a co-defendant must demonstrate (1) a bona fide need for the testimony; (2) the substance of the expected testimony; (3) its exculpatory nature and effect; and (4) that the designated co-defendant will in fact testify." *United States v. Ortiz*, 942 F.2d 903, 914 (5th Cir. 1991). "Under this test, 'without an affidavit from the co-defendant himself or other similar proof, "conclusory allegations" that a co-defendant would testify and what he or she would testify about [are] not sufficient.'" *USPlabs, LLC*, 2018 WL 5831478, at *10 (quoting *United States v. Nguyen*, 493 F.3d 613, 625 (5th Cir. 2007)). "Further, '[r]epresentations by the [movant's] attorney are not sufficient.'" *Id.*

In her Motion, Parker argues that Smith "would offer favorable testimony that he did not

-14-

receive the alleged gifts as 'Christmas Gifts' from Ms. Parker[,]" but that a joint trial on the Travel and Gift Counts would prevent her from obtaining that testimony "should Smith exercise his Fifth Amendment rights at trial on the Travel Counts." Doc. 62, Parker's Mot. to Sever, 6. These bare assertions fail to satisfy Parker's burden because they are unsupported by an affidavit from Smith or other similar proof, nor have they demonstrated that Smith will in fact testify if severance is permitted. *See United States v. Owens*, 683 F.3d 93, 99–100 (5th Cir. 2012) (holding that because the defendant failed to demonstrate that her codefendant would testify through an affidavit from the codefendant or similar proof, the Fifth Circuit "need not reach the other three prongs of the test"). Therefore, the Court finds that Parker has failed to show that severance on this ground is warranted.

### 3.    Admissibility of Evidence on Travel and Gift Counts in Separate Trials

Lastly, Parker argues that joinder of the Travel and Gift Counts would "inevitably . . . result in the presentation of evidence that would not be admissible in separate trials." Doc. 62, Parker's Mot. to Sever, 4–5. She argues that because "[o]nly one witness links [the Travel and Gift Counts] together and the offenses do not share a unified goal, common means, similar subjects, or substantially overlapping time frames," evidence of Gift Counts can have "no tendency to make a fact more or less probable" or be "of consequence in determining" the matters at issue in the Travel Counts. *Id.* (quoting Fed. R. Evid. 401). Lastly, she argues that the Government would be barred from using evidence as to the Travel Counts to show her propensity to engage in conduct relevant to the Gift Counts and that it would be inadmissable at separate trials. *Id.* at 5 (citing Fed. R. Evid. 403, 404(b)).

The Government counters that her arguments fails to show specific and compelling prejudice because evidence on the Travel and Gift Counts would still be admissible in separate trials under

Federal Rule of Evidence 404(b) to demonstrate "at a minimum, motive, intent, purpose, and/or absence of mistake." Doc. 68, Gov't Resp., 16 (citing *id.* at 12–13); *see Ballis*, 28 F.3d at 1408–09 ("No prejudice inures to the defendant where a severance of counts would not result in a segregation of evidence.").[4] The Government also argues that any concern "regarding the cumulative effect the evidence might have—whether admitted because it is an overarching conspiracy and properly joined or under Rule 404(b)—can be mitigated by a limiting instruction to the jury." *Id.* at 12.

The Supreme Court has held that even "when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. The Court went on to say that "[s]uch a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant." *Id.* However, in her Motion, Parker is not concerned with evidence as to any of her codefendants, but instead is concerned that evidence as to her involvement in the Travel and Gift Counts will be presented in a joint trial. In essence, Parker is concerned with the cumulative effect that may occur in light of a joint trial by the jury considering evidence relating to one set of Counts as evidence of guilt as to another set of Counts.

---

[4] The Court agrees with Parker that evidence as to the Travel Counts cannot come in to show that she was more likely to engage in the conduct alleged in the Gift Counts. *See* Fed. R. Evid. 404(b)(1). However, this evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* 404(b)(2). Although the Court is persuaded by the Government's argument that this evidence would come in under Rule 404(b)(2), it finds that a ruling on the admissibility of this evidence under Rule 404(b)(2) or whether it is relevant under Rule 401 is premature at this time and will require further argument from the parties. As discussed below, even assuming the evidence comes in under Rule 404(b)(2), the Court finds that less drastic measures than severance—such as limiting instructions—can cure any risk of prejudice. *See Zafiro*, 506 U.S. at 539.

However, the Fifth Circuit has rejected the notion that being tried on multiple counts "alone is not grounds for a new trial." *United States v. Fagan*, 821 F.2d 1002, 1007 (5th Cir. 1987).[5] In fact, the Fifth Circuit has recognized that a defendant's argument that "trial of two different crimes at the same time was prejudicial because the jury might regard one as corroborative of the other" does not warrant severance under Rule 14 because it is the type of prejudice that exists "whenever a defendant is charged with more than one count in an indictment." *Forrest*, 623 F.2d at 1115. Instead "[t]o prevail under Rule 14, a defendant must demonstrate that such evidence is expected to be introduced, and that any prejudice resulting therefrom will be incurable by a limiting instruction." *Potashnik*, 2008 WL 5272807, at *12. Thus, even assuming the evidence comes in under Rule 404(b)(2) or will otherwise be presented by the very nature of a joint trial, Parker still needs to show why proper instructions to the jury could not cure the potential prejudice. *See USPlabs, LLC*, 2018 WL 5831478 at *9.

In her Motion Parker has failed to address this argument. However, the Court is confident that the use of appropriate limiting instructions as to the Travel and Gift Counts can be used to cure any potential prejudice and prevent the jury from confusing the issues or cumulating the evidence

---

[5] Parker cites several cases to support the proposition that severance is warranted when joinder of the offenses would require the Government to present evidence as to one charge (1) that would not otherwise be admissible in a separate trial or (2) that would allow the jury to infer criminal disposition. However, these cases are either out-of-circuit and do not find support in this Circuit or are factually distinguishable because they involve far more inflammatory evidence being presented than in the case at bar. *See, e.g.*, *United States v. Singh*, 261 F.3d 530, 534 (5th Cir. 2001) (finding that evidence that a defendant was a convicted felon, had engaged in gun transactions, and always carried a firearm affected whether the jury would believe the defendant even when the district court instructed the jury to only consider this evidence for his felon-in-possession charge); *Lucero v. Kerby*, 133 F.3d 1299, 1314 (10th Cir. 1998) (finding that "joinder of multiple offenses in a single trial may result in prejudice to a defendant because 'the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant from which is found his guilt of the other crime or crimes charged.'") (quoting *Drew v. United States*, 331 F.2d 85, 88 (D.C. Cir. 1964)).

against Parker. For example, in *United States v. Bieganowski* the Fifth Circuit found the jury instructions the district court gave in a multi-defendant, multi-count trial provided adequate protections by stating that:

> A separate crime is charged against one or more of the defendants in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The case of each defendant should be considered separately and individually. The fact that you may find one or more of the accused guilty or not guilty of any of the crimes charge[d] should not control your verdict as to any of [sic] other crime or any other defendant. You must give separate consideration to the evidence as to each defendant.

313 F.3d 264, 288 (5th Cir. 2002) ("We have previously stated that because a jury is presumed to follow the court's instructions, instructions such as those given here are generally sufficient to cure the possibility of prejudice."). Therefore, for all the above stated reasons, the Court finds that Parker has failed to show that severance on this ground is warranted.

## IV.

## CONCLUSION

Accordingly, the Court **DENIES** Defendants Smith and Parker's Joint Motion to Sever under Federal Rule of Criminal Procedure 8(b) (Doc. 61) and Defendant Parker's Motion to Sever under Federal Rule of Criminal Procedure 14 (Doc. 62). Therefore, the trial in this case on the Travel and Gift Counts will begin as currently scheduled on July 15, 2019, at 09:00 AM.

SO ORDERED.

Dated: June 24, 2019.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

-18-