UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:17-CR-0446-B-2 |
| | § | |
| NANCY B. PARKER, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Nancy Parker's Motion for Compassionate Release Pursuant to [§] 3582(c)(1)(A)(i) (Doc. 219). For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE**.

### I.

### BACKGROUND

On December 12, 2019, Parker was sentenced to sixty months of imprisonment and two years of supervised release after pleading guilty to conspiracy to make false statements to a federal home loan bank. Doc. 212, J., 1–3. Parker is currently sixty-seven years old and is confined at Aliceville Federal Correctional Institution (FCI) with a statutory release date of March 15, 2024.[1] As of August 11, 2020, Aliceville FCI has sixteen active cases of COVID-19—eight among prisoners and eight among staff—and nineteen recoveries from COVID-19 with zero deaths.[2]

---

[1] The Bureau of Prisons (BOP)'s inmate locator is available at https://www.bop.gov/inmateloc/.

[2] The BOP's COVID-19 case website is available at https://www.bop.gov/coronavirus/.

Parker now seeks compassionate release under 18 U.S.C. § 3582 because "the extreme speed with which COVID-19 dangers are spreading present a compelling and extraordinary circumstance for [her]." Doc. 219, Def.'s Mot., 2–3. Specifically, Parker alleges that her "serious medical conditions," combined with "little or no compentent [sic] health care where [she] is housed," warrant compassionate release. *Id.* at 1–2.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

In sum, the Court denies Parker's request for compassionate release because although she has satisfied the exhaustion requirement, her motion fails to demonstrate extraordinary and compelling circumstances under § 3582(c)(1)(A). Further, insofar as Parker requests home confinement, the Court lacks the authority to modify her conditions in this manner.

A.   *Parker Has Satisfied the Exhaustion Requirement.*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[3]

Here, Parker made a request to the warden of her facility "for an early release under the Compassionate Release Program, under 18 U.S.C. § 3582(c)(1)" on June 29, 2020. Doc. 219, Def.'s Mot., 31–32. Parker's motion to the Court for compassionate release was filed on July 31, 2020. *Id.* at 1. Because thirty days have passed from the time Parker made her initial request to the warden of her facility, the Court finds that Parker has satisfied the exhaustion requirement of § 3582(c)(1)(A).

B.   *Parker Fails to Demonstrate Extraordinary and Compelling Reasons Warranting Compassionate Release.*

Parker has not shown "extraordinary and compelling reasons" justifying a sentence reduction. *See* § 3582(c)(1)(A)(i). The policy statement applicable here—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. 1). These include the defendant's medical condition, age, and family circumstances. *See* § 1B1.13(1)(A) &

---

[3] The Court has recently clarified its interpretation of the thirty-day prong of the exhaustion requirement. *See United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concludes that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

cmt. 1.[4] However, since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is no longer binding. *See United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020); *United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019). These courts "consider[ ] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *7–8). The Court will do so here as well.

Here, Parker claims "the extreme speed with which COVID-19 dangers are spreading presents a compelling and extraordinary circumstance for [her]." Doc. 219, Def.'s Mot., 2–3. To support this contention, Parker states that "COVID-19 has infected 15 million people worldwide, leading to 147,000 deaths in the United States." *Id.* at 3. Specific to her facility, Parker alleges "COVID-19 is at full spread at Aliceville [FCI]" and states "Aliceville [FCI] now has confirmed 29 cases [of COVID-19] total . . . ." *Id.* at 4. Moreover, Parker states that she suffers from "serious medical conditions" such as hypertension, asthma, arthritis, anxiety, depression, and sleep issues. *Id.* at 1. She claims that these medical conditions, in light of the COVID-19 pandemic, "warrant[] compassionate release." *Id.* at 4.

The Court acknowledges that the COVID-19 pandemic is unprecedented. However, its generalized effect on the nation—and Aliceville FCI—does not demonstrate extraordinary and

---

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with" the three circumstances set for above, "[a]s determined by the Director of the [BOP]." § 1B1.13 cmt. 1(D). Additionally, to qualify for a sentence reduction, the defendant must not pose a danger to the community. § 1B1.13(2).

compelling circumstances specific to Parker. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) (noting that "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements"). Though Parker alleges Aliceville FCI has twenty-nine confirmed cases of COVID-19, the BOP website provides that there are currently only sixteen active cases at that facility. Moreover, the BOP website shows that there have been nineteen recoveries and zero deaths at Aliceville FCI.

Further, to the extent that Parker claims she has serious medical conditions that may make her more susceptible to the deadly symptoms of COVID-19 should she contract it, Parker has submitted no medical documentation to prove that she suffers from any of these conditions. Parker merely states that she suffers from these conditions and attaches a note, which provides the contact information for her medical providers. Doc. 219, Def.'s Mot., 35. Even assuming that the Court would be granted access to Parker's medical records, the Court will not take on the responsibility of contacting Parker's medical providers on her behalf. It is Parker's responsibility to provide this Court with evidence of her alleged medical conditions.

Given the low prevalence of COVID-19 cases at Parker's facility and a lack of evidence demonstrating serious health conditions, the Court concludes Parker has not shown "extraordinary and compelling reasons" for her requested relief. *See* § 3582(c)(1)(A). Accordingly, the Court **DENIES** Parker's motion **WITHOUT PREJUDICE**.

C.  *Consideration of the § 3553(a) Factors Suggest that Compassionate Release is Not Warranted.*

Moreover, the Court notes that before granting compassionate release under § 3582(c)(1)(A), the Court must also consider the factors of § 3553. *See* § 3582(c)(1)(A). Due to Parker's failure to show extraordinary and compelling reasons for release, the Court need not conduct

a full § 3553 analysis today. Nonetheless, the Court emphasizes that § 3553(a) requires the Court to consider whether a sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense[.]" § 3553(a)(2)(A).

In Parker's case, the Court found sixty months of imprisonment appropriate to serve these goals. *See* Doc. 212, J., 2. Parker received this sentence in December of 2019 and has a statutory release date of March 15, 2024, meaning she has completed less than half of her sentence.

In her motion, Parker cites to *United States v. Maumau*, 2020 WL 806121 (D. Utah Feb. 18, 2020) and *United States v. Kelly*, 2020 WL 2104241 (S.D. Miss. May 1, 2020) to support her request for compassionate release. *See* Doc. 219, Def.'s Mot., 4, 6. However, in *Maumau*, the defendant had already served ten years of a sentence that was imposed under mandatory minimum sentencing guidelines that are no longer applicable, and the court noted "the length of sentence imposed, and the fact that [the defendant] would not receive the same sentence if the crime occurred today" represented extraordinary and compelling reasons for the defendant's release. 2020 WL 806121, at *1, 5. And in *Kelly*, the defendant was already scheduled to be released from imprisonment on May 18, 2020, and the court granted the defendant's compassionate release on May 1, 2020. *See* 2020 WL 2104241, at *1. Therefore, the facts of neither *Maumau* nor *Kelly* are similar to those of Parker, who has served only a fraction of her sentence.

Thus, while the Court declines to foreclose compassionate release for Parker based on § 3553 at this time, the Court advises Parker that § 3553 could present an obstacle with respect to any future compassionate-release request.

D.  *The Court Lacks the Authority to Order Home Confinement.*

Parker alternatively requests that this Court "mandate BOP Aliceville to implement [the]

William Barr Memorandum of April 4, 2020, to transfer her to home confinement . . . ." Doc. 219, Def.'s Mot., 7. It is within the BOP's sole discretion to place prisoners in home confinement toward the end of their sentences under 18 U.S.C. § 3624(c)(2). *See United States v. Snead*, 63 F.3d 381, 388 n.6 (5th Cir. 1995) (citing 18 U.S.C. § 3624(c)) (noting that requests for home confinement "are properly directed to the [BOP]") . Thus, this Court lacks the authority to move Parker to home confinement.

## IV.

## CONCLUSION

For the foregoing reasons, Parker's Motion for Compassionate Release Pursuant to [§] 3582(c)(1)(A)(i) (Doc. 219) is **DENIED WITHOUT PREJUDICE** for failure to provide extraordinary and compelling reasons for compassionate release. Additionally, this Court lacks authority to transfer Parker to home confinement.

By denying Parker's motion without prejudice, the Court permits Parker to file a subsequent motion for compassionate release. However, as noted above, the Court points out that general concerns about COVID-19 do not rise to the level of extraordinary and compelling reasons for compassionate release. Moreover, the Court would need Parker to submit medical records to support her alleged medical conditions should Parker decide to re-file.

Lastly, as noted above, before granting compassionate release under § 3582(c)(1)(A), the Court must also consider the factors of § 3553. Though the Court need not conduct that analysis today, it notes that the § 3553 appears to favor a denial of compassionate release.

SO ORDERED.

SIGNED: August 11, 2020.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE