UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:17-CR-0446-B-2 |
| | § | |
| NANCY B. PARKER, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Nancy Parker's Renewed Motion for Compassionate Release Pursuant to 3582(c)(1)(A)(i) (Doc. 230). For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE**.

I.

BACKGROUND

On December 12, 2019, Parker was sentenced to sixty months of imprisonment and two years of supervised release after pleading guilty to conspiracy to make false statements to a federal home loan bank. Doc. 212, J., 1–3. Parker is currently sixty-seven years old and is confined at Aliceville Federal Correctional Institution (FCI) with a statutory release date of March 15, 2024.[1] As of February 1, 2021, Aliceville FCI has nineteen active cases of COVID-19 among its inmates and eight among its staff.[2]

---

[1] The Bureau of Prisons (BOP)'s inmate locator is available at https://www.bop.gov/inmateloc/.

[2] The BOP's COVID-19 case website is available at https://www.bop.gov/coronavirus/.

-1-

In July 2020, Parker sought compassionate release under 18 U.S.C. § 3582 because "the extreme speed with which COVID-19 dangers are spreading present a compelling and extraordinary circumstance for [her]." Doc. 219, Def.'s Mot., 2–3. Specifically, Parker alleged that her "serious medical conditions," combined with "little or no compentent [sic] health care where [she] is housed," warrant compassionate release. *Id.* at 1–2. The Court denied Parker compassionate release without prejudice, however, on the grounds that Parker did not demonstrate extraordinary and compelling reasons warranting release, and the 18 U.S.C. § 3553(a) factors weighed against her release. Doc. 222, Mem. Op. & Order, 2–6.

Now, Parker has filed a renewed motion for compassionate release through counsel. *See generally* Doc. 230, Def.'s Mot. In her pending motion, Parker states that she suffers from medical conditions, including hypertension and asthma, that place her at a heightened risk for severe infection should she contract COVID-19. *Id.* at 1–2. The Court addresses Parker's motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

III.

ANALYSIS

In sum, the Court denies Parker's request for compassionate release because she has not satisfied the exhaustion requirement and her motion fails to demonstrate extraordinary and compelling circumstances under § 3582(c)(1)(A).

A. *Parker Has Not Satisfied the Exhaustion Requirement.*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[3]

In her pending motion, Parker states that her "[a]dministrative remedies have been exhausted, as the Court noted in the order entered August 11, 2020[.]" Doc. 230, Def.'s Mot., 3 (citing Doc. 222, Mem. Op. & Order, 3). Indeed, in its prior order, the Court noted that "Parker made a request to the warden of her facility 'for an early release under the Compassionate Release Program, under 18 U.S.C. § 3582(c)(1)' on June 29, 2020." Doc. 222, Mem. Op. & Order, 3 (quoting Doc. 219, Def.'s Mot., 31–32). But at the time, the Court was considering a motion for compassionate release that was filed on July 31, 2020. *See id.* Parker filed her pending motion on January 23, 2021. *See generally* Doc. 230, Def.'s Mot. Thus, seven months lapsed from the time

---

[3] The Court clarified its interpretation of the thirty-day prong of the exhaustion requirement in *United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concludes that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

Parker filed her request for compassionate release with the warden and her renewed motion for compassionate release.

In those seven months, the prison's circumstances, and thus Parker's circumstances, have undoubtedly changed. Proof of compliance with § 3582's exhaustion requirement ensures that the BOP has the first opportunity to assess the merits of a defendant's request. *See, e.g.*, *United States v. Moser*, 2020 WL 765998, at *2 (N.D. Tex. Dec. 24, 2020). But the BOP is deprived of that opportunity when a defendant's circumstances have changed since she first requested compassionate release. *See id.* Accordingly, though more than thirty days have passed since Parker requested compassionate release from the warden, the Court finds that this request does not serve to satisfy exhaustion here. *See* Mem. Op. & Order at 3–4, *United States v. Garcia*, No. 3:15-CR-0194-B-1 (N.D. Tex. Feb. 2, 2021), ECF No. 136.

B.  *Parker Fails to Demonstrate Extraordinary and Compelling Reasons Warranting Compassionate Release.*

Regardless of Parker's failure to exhaust her administrative remedies, Parker has not shown "extraordinary and compelling reasons" justifying a sentence reduction. *See* § 3582(c)(1)(A)(i). The policy statement applicable to this provision—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. 1). These include the defendant's medical condition, age, and family circumstances. *See* § 1B1.13(1)(A) & cmt. 1.[4]

---

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with" the three circumstances set for above, "[a]s determined by the Director of the [BOP]." § 1B1.13 cmt. 1(D). Additionally, to qualify for a sentence reduction, the defendant must not pose a danger to the community. § 1B1.13(2).

However, since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is not binding. *See United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020); *United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019); *see also United States v. Rivas*, —F. App'x—, 2020 WL 6437288, at *2 (5th Cir. 2020) (per curiam) (noting that U.S.S.G. § 1B1.13 is "not dispositive" but "guid[ing]"). These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *7–8). The Court will do the same here.

Here, Parker claims that she has the following medical conditions: (1) "major clinical depression and anxiety"; (2) "[e]ssential hypertension"; (3) "[o]steoarthritis, pain in back, joints, and hands, with muscle weakness"; (4) "silicone breast implants," which are "painful and leaking" and require "plastic surgery for removal"; (5) "[s]ciatica"; (6) "[c]hronic massive headaches"; (7) "[n]ight sweats"; (8) "[b]leeds and bruises easily"; (9) "[p]ersistent asthma"; (10) "[c]hronic vertigo"; and (11) "[c]hronic fatigue[.]" Doc. 230, Def.'s Mot., 1–2. In August 2020, Parker filed a document containing medical records that substantiate these alleged conditions. Doc. 221, Mot. to Am., 4.[5]

Further, Parker states that while "the BOP is doing all it can to combat the COVID-19 pandemic[,]" she "is confined, in close quarters, with no meaningful social distancing[.]" Doc. 230, Def.'s Mot., 2.

The Court acknowledges that the COVID-19 pandemic is unprecedented. However, its

---

[5] The Court notes, however, that these medical records are current as of August 2019—eighteen months ago. *See id.*

generalized effect on the nation—and Aliceville FCI—does not demonstrate an extraordinary and compelling circumstance specific to Parker. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) (noting that "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements"). Nor do Parker's complaints about her accommodations demonstrate circumstances that are specific to her.

Further, to the extent that Parker claims she has serious medical conditions that may make her more susceptible to the deadly symptoms of COVID-19 should she contract it, the Court nonetheless finds that Parker's alleged medical conditions do not rise to the level of extraordinary and compelling. Even crediting Parker's eighteen-month-old medical records, Parker does not allege that any of her medical conditions cause her to be "substantially diminish[ed in her] ability . . . to provide self-care in the environment of a correctional facility" or that she is "not expected to recover" from them. U.S.S.G. § 1B1.13 cmt. n.1.

In sum, Parker has not demonstrated that extraordinary and compelling circumstances warrant her release.

Lastly, before granting compassionate release under § 3582(c)(1)(A), the Court must also consider the factors of § 3553. Though the Court need not conduct that analysis today, it notes that the § 3553 appears to favor a denial of compassionate release, as explained in the Court's prior order dated August 11, 2020. Doc. 222, Mem. Op. & Order, 5–6.

## IV.

## CONCLUSION

For the foregoing reasons, Parker's Renewed Motion for Compassionate Release Pursuant to 3582(c)(1)(A)(i) (Doc. 230) is **DENIED WITHOUT PREJUDICE** for failure to prove exhaustion

and extraordinary and compelling reasons for compassionate release.

By denying Parker's motion without prejudice, the Court permits Parker to file a subsequent motion for compassionate release in the event she can demonstrate: (1) that she has recently exhausted her administrative remedies; and (2) that extraordinary and compelling circumstances warrant her release.

SO ORDERED.

SIGNED: February 4, 2021.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE